IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DARRION CHANTE HOYLE,               )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        Case No. CIV-05-1098-HE
                                    )
JOHN WHETSEL, *et al.*,             )
                                    )
            Defendants.             )

### REPORT AND RECOMMENDATION

The present action arises under 42 U.S.C. § 1983. The Plaintiff is a state prisoner who has sued the county sheriff and Board of County Commissioners, both in their official capacities. According to the Plaintiff, he was beaten by sheriff deputies, held without a prompt probable cause determination, and unable to attend a hearing on the issue of probable cause. The sheriff moved for summary judgment, and the board has not responded to the complaint. The Court should grant the sheriff's motion and *sua sponte* award summary judgment to the Board of County Commissioners.[1]

---

[1]     *See Sports Racing Services, Inc. v. Sports Car Club of America, Inc.*, 131 F.3d 874, 892 (10th Cir. 1997) ("A court may grant summary judgment sua sponte 'so long as the losing party was on notice that [it] had to come forward with all of [its] evidence'" (citation omitted)); *accord Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) ("where one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion" (citation omitted)).

## Standard for Summary Judgment

Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]  When only one reasonable outcome exists, summary judgment is necessary.[3]

## County Liability

Mr. Hoyle specifies that he is suing the sheriff and Board of County Commissioners in their official capacities.[4]  Thus, the suit is effectively one against Oklahoma County.[5]  As defense counsel argue, the Plaintiff lacks evidence to support county liability.

A county cannot incur liability based solely on its employment of someone who has committed a constitutional violation.[6]  Instead, county liability arises only if the alleged

---

[2]    Fed. R. Civ. P. 56(c).

[3]    *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[4]    Summery [sic] Judgment Response and Request for Counsil [sic] Appointment at p. 2 (Feb. 23, 2006).

[5]    *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (suit against an officer in his official capacity); Okla. Stat. tit. 19, § 4 (2001) ("In all suits . . . against a county, the name in which a county shall . . . be sued shall be, 'Board of County Commissioners of the County of _____'").

[6]    *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002) ("The teachings of *Monell* and its progeny proscribe the attachment of vicarious liability to a municipality merely because the municipality employed the individual who committed a constitutional violation.").

2

wrongdoing had resulted from a county policy or custom.[7]   "When a policy is not unconstitutional in itself, the county cannot be held liable solely on a showing of a single incident of unconstitutional activity."[8]

In part, Mr. Hoyle claims excessive force by deputy sheriffs.  But Mr. Hoyle does not present any evidence tying the use of excessive force to a county policy or custom.  Sheriff Whetsel's written policy provides that when force becomes necessary, officers are to use the minimum that is reasonable and necessary to promptly and safely resolve the situation.[9] Thus, Mr. Hoyle alleges that the deputies had violated the sheriff's policies in the force that was employed.[10]  The absence of any evidence regarding a wrongful policy or custom is fatal to an official capacity claim based on the use of excessive force.  Thus, for this claim, the Defendants are entitled to summary judgment.

Mr. Hoyle also alleges delay in the probable cause hearing and the failure to compel his attendance for this proceeding.  But Mr. Hoyle does not relate these complaints to any county policies or customs.  As a result, the federal district court should grant summary

---

[7]     *See Jantzen v. Hawkins*, 188 F.3d 1247, 1259 (10th Cir. 1999) ("for a local government unit such as the [Canadian County Board of County Commissioners] to be liable for violating § 1983, that unit's allegedly unconstitutional act (or the act of the defendant in his or her official capacity) must execute 'a government's policy or custom'" (citations omitted)).

[8]     *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) (citation omitted).

[9]     Oklahoma County Detention Center, Policy 3.3.1-08 at p. 3 (Mar. 24, 2004).

[10]     Summery [sic] Judgment Response and Request for Counsil [sic] Appointment at pp. 2-3 (Feb. 23, 2006) (alleging that Sergeant Shooman had struck and choked the Plaintiff and that both actions had violated Sheriff Whetsel's "policy" or "policys" [sic]).

judgment to the sheriff and Board of County Commissioners on the claims involving the state court's probable cause determination.[11]

### Notice of Right to Object

The Petitioner can object to this report and recommendation.[12]  To do so, Mr. Hoyle must file an objection with the Clerk of this Court by March 28, 2006.[13]  The failure to timely object would foreclose appellate review of the suggested ruling.[14]

### Status of the Referral

The referral to the undersigned is terminated.

Entered this 8th day of March, 2006.


*Robert E. Bacharach*

Robert E. Bacharach
United States Magistrate Judge

---

[11]  The Tenth Circuit Court of Appeals addressed a similar issue in *Strepka v. Miller*, 28 Fed. Appx. 823 (10th Cir. Nov. 21, 2001) (unpublished op.).  There an arrestee sued local officers under Section 1983, alleging in part that they had delayed the probable cause determination.  *See Strepka v. Miller*, 28 Fed. Appx. at 825-26.  The federal district court dismissed the official capacity claims, and the Tenth Circuit Court of Appeals affirmed.  *See id.* at 825, 830.  In upholding the dismissal, the federal appeals court explained: "Plaintiff did not allege any municipal custom or policy in his complaint, much less a link between that custom or policy and the violation.  Therefore, the district court properly dismissed the claims against Officers Miller and Collins in their official capacities."  *Id.* at 829.

[12]  *See* 28 U.S.C. § 636(b)(1) (2000).

[13]  *See* W.D. Okla. LCvR 72.1(a).

[14]  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").