## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DARRION CHANTE HOYLE,            )
                                 )
              Plaintiff,         )
vs.                              )          NO.  CIV-05-1098-HE
                                 )
JOHN WHETSEL, et al.,            )
                                 )
              Defendants.        )

## ORDER

Plaintiff Darrion C. Hoyle, a state prisoner, instituted this § 1983 action against John Whetsel, Oklahoma County Sheriff, and the Board of County Commissioners of Oklahoma County ("Board") in their official capacities, alleging various violations of his constitutional rights.[1]   Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Robert E. Bacharach, who recommends that the motion for summary judgment filed by the sheriff be granted and the court sua sponte award summary judgment to the Board.  Report and Recommendation, filed March 8, 2006.

The magistrate judge concluded that because the sheriff and Board were sued in their official capacities, the suit is essentially one against Oklahoma County.[2]   As the plaintiff failed to present any evidence tying the alleged constitutional violations to county policies

---

[1]*The plaintiff stated in his response to the sheriff's motion for summary judgment that "at this time he is only seeking relief from all parties in their "official capacity."  Plaintiff's summary judgment response, p. 2.*

[2]*The magistrate judge concluded that summary judgment could be granted sua sponte in favor of the Board, citing Jantzen v. Hawkins, 188 F.3d 1247, 1259 (10th Cir. 1999).  The court agrees.  Because the plaintiff's suit is, in essence, one against Oklahoma County, the evidence necessary to controvert the sheriff's motion is the same as that required to support his claims against the Board in its official capacity/the County.*

or customs, Judge Bacharach found the county could not be held liable under § 1983. Therefore, he recommended that summary judgment be entered in the defendants' favor.

The plaintiff responded to the Report and Recommendation, contending he has been hampered by his lack of access to a law library. However, the magistrate judge did not base his findings and recommendations on the plaintiff's failure to cite legal authority to support his claims, but rather his failure to provide an evidentiary basis for them, specifically, evidence of underlying unconstitutional policies or customs.[3]  The plaintiff asserted in his response to the summary judgment motion that the deputy sheriffs acted in "violation of Sheriff Whetsel's policys [sic]," rather than in conformance with an illegal policy or custom, undercutting his claims. Plaintiff's summary judgment response,  pp.2- 3.

The court concurs with the magistrate judge's analysis of the plaintiff's claims and adopts his Report and Recommendation.  Accordingly, defendant Whetsel's motion for summary judgment [Doc. #22] is **GRANTED** and the court sua sponte **GRANTS** summary judgment in favor of defendant Board of County Commissioners of Oklahoma County.

---

[3]*In his order providing the plaintiff with notice of his opportunity to respond to the sheriff's motion for summary judgment, Magistrate Judge Bacharach advised the plaintiff:*

> *When a summary judgment motion is supported by evidence, as here, the party opposing the motion may not rely upon the mere allegations in his pleadings to counter it.  The party opposing the motion must respond with counter-affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact to be litigated at the trial."*

*January 20, 2006, Order, p. 1.*

**IT IS SO ORDERED**.

Dated this 19th day of April, 2006.

JOE HEATON
UNITED STATES DISTRICT JUDGE